UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL PINEDA SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>TRISTAN LEMON,<br><br>Respondent. | No. 2:23-cv-01115 TLN DB P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition. (ECF No. 10.) As set forth below, all requirements are met for abstention under Younger v. Harris, 401 U.S. 37, 43-54 (1971). Accordingly, the petition should be dismissed without prejudice.

**I.     Procedural Background**

A jury convicted petitioner of ten counts of lewd acts on a child and three counts of oral copulation of a child. (ECF No. 1 at 1.) On October 22, 2021, the Sacramento County Superior court sentenced petitioner to a term of imprisonment of 65 years to life. (Id.) The California Court of Appeals, Third Appellate District, affirmed the judgment but remanded for sentencing. (Id. at 2.) The California Supreme Court denied a petition for review. (Id.)

Petitioner constructively filed the present federal petition on June 6, 2023, noting in the petition he was still awaiting resentencing by the superior court. (ECF No. 1 at 15.) Petitioner seeks a reversal of the judgment of conviction through the present petition. (Id.)

1

Respondent filed a motion to dismiss on January 16, 2024, arguing the court should abstain from proceeding on the federal petition because petitioner filed the federal petition prior to his resentencing and prior to his resentencing becoming final. (ECF No. 10.) Petitioner has not opposed the motion to abstain in writing or filed a statement of non-opposition. Pursuant to Local Rule 230(c) and the court's warning to petitioner (see ECF No. 15), the court may construe petitioner's failure to file a timely opposition as non-opposition and consent to grant the motion.

## II.     Legal Standards

The petition should be dismissed if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger, 401 U.S. at 43-54. Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986).

The Younger doctrine stems from the long standing public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Id. at 46, 53-54 (holding that the cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994). Irreparable harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate. Pulliam v. Allen, 466 U.S. 522, 538 n.17 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate.") (quotations and citations omitted).

**III.     Discussion**

The first prong of Younger is met because petitioner was awaiting resentencing in state court when he filed the present petition. The pendency of the state proceedings is determined at the time the federal petition is filed. See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). State proceedings are ongoing if appellate remedies have not been exhausted. See generally Huffman v. Pursue Ltd., 420 U.S. 592, 608-09 (1975). A petitioner must await the outcome of the state appellate proceeding "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

Second, an important state interest is necessarily implicated in petitioner's criminal resentencing proceeding. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45).

Finally, the court considers whether the state proceedings afford adequate opportunity to raise the constitutional issue(s). By their nature, state criminal proceedings provide an opportunity for constitutional questions to be presented. Federal courts must assume state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger ... requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."). Thus, district courts have widely recognized that federal habeas proceedings regarding the validity of a conviction have the practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case even when the ongoing state proceeding is limited to sentencing. See Azevedo v. Pfeiffer, No. 2:21-CV-0187-KJM-AC-P, 2023 WL 2746058, at *3 (E.D. Cal. Mar. 31, 2023), report and recommendation adopted, No. 2:21-CV-0187-DJC-AC-P, 2023 WL 3571950 (E.D. Cal. May 19, 2023); Nunn v. Hill, No. 2:22-CV-01396-TLN-EFB-HC, 2022 WL 17813156, at *1 (E.D. Cal. Dec. 12, 2022) ("District courts in the Ninth Circuit have routinely determined [the Younger]

1 criteria are met where an individual files a federal habeas petition while his state resentencing
2 proceedings are ongoing."), report and recommendation adopted sub nom. Nunn v. Johnson, No.
3 2:22-CV-01396-TLN-EFB, 2023 WL 2189154 (E.D. Cal. Feb. 23, 2023).

4      Circumstances such as irreparable harm, bad faith or harassment by the state in
5 prosecution, or state court bias against petitioner's federal claims may support an exception to
6 abstention in extraordinary cases. Middlesex County Ethics Comm'n, 457 U.S. at 435; Brown v.
7 Ahern, 676 F.3d 899, 900-901 (9th Cir. 2012). However, petitioner's failure to oppose the motion
8 has waived any assertion of extraordinary circumstances in this instance. In any event, the record
9 is devoid of support for such an exception.

10      The Younger abstention doctrine requires dismissal even though the result of a dismissal
11 may be that petitioner simply refiles the petition. Mays v. Villanueva, No. 2:21-CV-6195-CAS-
12 MAR, 2021 WL 5507844, at *3 (C.D. Cal. Oct. 6, 2021), report and recommendation adopted,
13 No. 2:21-CV-6195-CAS-MAR, 2021 WL 5507053 (C.D. Cal. Nov. 24, 2021). Because the
14 requirements for Younger abstention are met, the petition must be dismissed without prejudice.
15 See Gibson v. Berryhill, 411 U.S. 564, 577 (1973); Beltran, 871 F.2d at 782.
16 ////
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

## IV. Conclusion and Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1. Respondent's unopposed motion to dismiss (ECF No. 10) be granted.
2. The petition be dismissed without prejudice.
3. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 14, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
sanc1115.mtd

5